IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO DOMINGUEZ, | ) | No. C 12-5896 RMW (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| HEIDI M. LACKNER, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner was convicted in Contra Costa County Superior Court for several counts of lewd or lascivious acts with a child, and sentenced to a term of twenty-four years. Petitioner filed the underlying petition on November 19, 2012.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose

v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, petitioner alleges that:  (1) he was denied the right to represent himself; (2) his right to a speedy trial was violated; (3) counsel had a conflict of interest; and (4) the prosecutor failed to turn over exculpatory evidence.  Liberally construed, the court orders respondent to show cause why the petition should not be granted.

Petitioner also asserts that he is actually innocent, and argues that any procedural default should not be used against him.  However, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief [in a noncapital proceeding] absent an independent constitutional violation occurring in the underlying state criminal proceeding."  Herrera v. Collins, 506 U.S. 390, 400 (1993).  Thus, because the United States Supreme Court has never held that an "actual innocence" claim in a non-capital case is a cognizable federal claim, any state court decision denying Petitioner's factual innocence claim cannot be contrary to, or an unreasonable application of, clearly established United States Supreme Court law.  See Carey v. Musladin, 549 U.S. 70, 77 (2006); see also District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 71 (2009) (noting that it remains an "open question" whether a freestanding claim of actual innocence exists as an avenue for relief for habeas corpus petitioners).  Further, Petitioner's claim does not meet the "extraordinarily high" bar of affirmatively proving his innocence.  Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997) (recognizing that a habeas petitioner asserting a freestanding claim of actual innocence must make a "stronger showing than [the] insufficiency of the evidence to convict" showing adopted by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  He appears to challenge the weight of the evidence rather than assert his factual innocence.  Thus, this claim is DISMISSED.

Petitioner finally claims that the state courts erred in failing to hold an evidentiary

hearing.  However, federal habeas relief is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  It also is unavailable for alleged error in the state post-conviction review process, Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).  Thus, this claim is DISMISSED.

## CONCLUSION

1.      The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2.      Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.12\Dominguez896osc.wpd      3

1 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
2 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
3 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
4 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5     IT IS SO ORDERED.
6 DATED: _____

*Ronald M. Whyte*

7 RONALD M. WHYTE
  United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.12\Dominguez896osc.wpd      4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DOMINGUEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>HEIDI M. LACKNER, Warden<br><br>            Defendant. | Case Number: CV12-05896 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Dominguez F-22191
Valley State Prison (VSP)
21633 Avenue 24
PO Box 92
Chowchilla, CA 93610-0096

Dated: February 21, 2013

           Richard W. Wieking, Clerk
           By: Jackie Lynn Garcia, Deputy Clerk