**E-FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO DOMINGUEZ, | ) | No. C 12-5896 RMW (PR) |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) | |
| WARDEN HEIDI M. LACKNER, | ) | (Docket No. 16) |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence imposed by the Superior Court of Contra Costa County. The court issued an order to show cause. In lieu of an answer, respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply. For the reasons stated below, the court GRANTS respondent's motion to dismiss the petition as untimely.

**I.    BACKGROUND**

On March 24, 2006, petitioner was sentenced to a term of 24 years in state prison after being convicted of seven counts of committing a lewd or lascivious act on a child under the age of 14 years. (MTD at 2, Ex. 1.) On September 28, 2007, the California Court of Appeal affirmed (id., Ex. 2), and on December 12, 2007, the California Supreme Court denied review (id., Ex. 3.).

On December 21, 2010, petitioner filed a state habeas petition in superior court. (MTD at 2.) On February 16, 2011, the superior court denied it. (Id., Pet. at 63-65.) On March 2, 2011, petitioner filed a state habeas petition in the California Court of Appeal, which was denied on March 10, 2011. (MTD, Ex. 4; Pet. at 67.) On April 22, 2011, petitioner filed a state habeas petition in the California Supreme Court, which was denied on September 28, 2011. (MTD, Ex. 5; Pet. at 69.)

On November 19, 2012, petitioner filed the underlying federal petition.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on March 11, 2008, ninety days after the California Supreme Court denied his petition for review. See id. Thus, pursuant to 28 U.S.C.

1   § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and
2   expired one year later, on March 11, 2009.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th
3   Cir. 2001).  The instant petition was filed over three years later, on November 19, 2012.

4         The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during
5   which a properly filed application for State post-conviction or other collateral review with
6   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, there is no
7   basis for statutory tolling because petitioner's first state habeas petition was not filed until
8   December 2010, over one year after the limitations period had already expired.  See Ferguson v.
9   Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation
10  of the limitations period that has ended before the state petition was filed," even if the state
11  petition was timely filed).  Accordingly, petitioner's first state petition did not toll the statute of
12  limitations.  Moreover, petitioner's remaining state habeas petitions were all filed after the
13  limitations period had already expired, and thus, could not have extended the limitations
14  deadline.  See id.

15        Petitioner also does not demonstrate that he is entitled to equitable tolling.  The Supreme
16  Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases.
17  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling
18  only if he shows (1) that he has been pursuing his rights diligently, and (2) that some
19  extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal
20  quotation marks omitted).  Once a petitioner is notified that his petition is subject to dismissal
21  based on AEDPA's statute of limitations and the record indicates that the petition falls outside
22  the one-year time period, the petitioner bears the burden of demonstrating that the limitation
23  period was sufficiently tolled under statutory or equitable principles.  See Smith v. Duncan, 297
24  F.3d 809, 814 (9th Cir. 2002).

25        Here, petitioner was given notice that the petition was subject to dismissal, and was
26  provided an opportunity to respond.  However, petitioner does not attempt to show diligence.
27  Nor does he present any argument as to what or how extraordinary circumstances stood in his
28  way and prevented timely filing.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)

1  (internal quotation marks and citations omitted).

2  More importantly, petitioner has not set forth any argument that he is entitled either
3  statutory or equitable tolling, and the court is unaware of any basis for tolling in this case.
4  Accordingly, the federal habeas petition is untimely.

5  **III.   CONCLUSION**

6  Respondent's motion to dismiss the petition is GRANTED.  The instant petition is
7  DISMISSED.  The clerk shall terminate all pending motions and close the file.

8  **IV.   CERTIFICATE OF APPEALABILITY**

9  For the reasons set out in the discussion above, petitioner has not shown "that jurists of
10 reason would find it debatable whether the district court was correct in its procedural ruling."
11 Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

12 **IT IS SO ORDERED.**

13 DATED: _____

_/s/ Ronald M. Whyte_
RONALD M. WHYTE
14 United States District Judge

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\RMW\HC.12\Dominguez896mtdtime.wpd         4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO DOMINGUEZ,

        Plaintiff,

  v.

WARDEN HEIDI M. LACKNER,

        Defendant.

Case Number: CV12-05896 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Dominguez F-22191
Valley State Prison (VSP)
PO Box 96
Chowchilla, CA 93610-0096

Dated: February 18, 2014

                                  Richard W. Wieking, Clerk
                                  By: Jackie Lynn Garcia, Deputy Clerk